UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Joel G. MacMull
**MANDELBAUM BARRETT PC**
570 Lexington Avenue, 21st Floor
New York, New York 10022
Tel.: 973-736-4600
Email: jmacmull@mblawfirm.com

*Attorneys for Plaintiff Alexander Heid*

| | |
|---|---|
| ALEXANDER HEID, an Individual,<br><br>*Plaintiff*,<br><br>– vs. –<br><br>SECURITYSCORECARD INC., a Delaware Corporation, and ALEKSANDR YAMPOLSKIY, an Individual,<br><br>*Defendants*. | CIVIL ACTION NO.<br><br>25-cv-1734<br><br>**COMPLAINT<br>AND JURY DEMAND** |

Plaintiff Alexander Heid, ("Plaintiff" or "Heid"), by and through his attorneys, Mandelbaum Barrett PC, hereby complains and states as follows against defendants SecurityScorecard, Inc. ("SSC") and Aleksandr Yampolskiy ("Yampolskiy") (collectively, "Defendants"):

**SUMMARY OF CLAIMS AND RELIEF REQUESTED**

1.  Heid brings this action seeking permanent injunctive relief and monetary damages based on Defendants' unlawful use of Heid's name, image and likeness ("Likeness"), and use of his misappropriated Likeness to target consumers and induce them to purchase SSC's services or otherwise generate revenues for the benefit of SSC.

1

2. Defendants' scheme centered around unlawfully using Heid's Likeness in connection with their HEID AI product as retaliation for what Defendants perceived as Heid's difficult behavior following his termination from SSC in March 2024.

3. Additionally, Defendants did, notwithstanding their knowledge of Heid's preexisting rights, establish and promote an artificial intelligence product HEID AI that wrongfully utilized Heid's Likeness, and that, as consequence of Defendants' actions, took the form of various advertisements at or in connection with large conferences in 2024, including, but not necessarily limited to, the 2024 RSA Conference and Black Hat USA 2024.

4. Following receipt of Heid's demand letter on June 6, 2024 wherein, *inter alia*, Heid demanded an immediate cease and desist of the unauthorized use of Heid's Likeness as well as an accounting concerning any and all actions taken vis-à-vis his Likeness, Defendants engaged in further retaliation against Heid by expediting the initial timeframe by which he must exercise his vested stock options which was contrary to earlier representations made to him.

5. Plaintiff brings this action to vindicate and enforce his rights with respect to Defendants' conduct, to seek compensation for the injuries he has sustained as a result of that conduct, and for such other and further relief as the law and equity provide, as set forth in detail herein.

**PARTIES**

6. Plaintiff Heid, former Chief Research & Development Officer at SSC, is an individual who during the relevant period was a resident of the State of Florida.

7. Defendant SSC is a corporation duly organized and existing under the laws of the State of Delaware with a principal place of business located at 1140 Avenue of the Americas, 19th Floor, New York, New York 10036.

8. Defendant Yampolskiy is the Chief Executive Officer and Co-Founder of SSC, and upon information and belief is a resident of the State of Connecticut.

9. Defendants were aware of, or should have been aware of, or have otherwise ratified all the conduct alleged herein concerning SSC.

## JURISDICTION AND VENUE

10. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332 because the parties are residents of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

11. The Court has personal jurisdiction over the corporate defendant in that it is a registered foreign business corporation in the State of New York and regularly conducts business in the State of New York, maintains a principal place of business in the State of New York, and was responsible for and participated in the illegal activity described in this Complaint, facilitating the unlawful conduct complained of herein.

12. This Court has personal jurisdiction over the individual defendant Yampolskiy, in that he is, upon information and belief, a principal of the corporate defendant and, upon information and belief, assisted the corporate defendant in carrying out the unlawful conduct complained of herein.

4926-4149-2769, v. 7

13. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) because the facts giving rise to the acts or omissions alleged herein took place in this judicial district and because the Defendants are subject to personal jurisdiction in this district.

**FACTS**

14. Heid has been in cybersecurity services industry since 2009.

15. Prior to joining SSC in or about November 2013, Heid worked as a senior cybersecurity engineer with a distributed denial-of-service ("DDoS") mitigation firm.

16. Plaintiff Heid is an acclaimed cyber-security professional and has a valued reputation in the industry because he possesses a skillset that is highly desirable.

17. By way of example, but not limitation, Heid is credited as being one of the first researchers to attribute the Equifax data breach of 2017 to a vulnerability in the open-source web application Apache Struts 2.

18. For this reason, as well as others, Heid monitors content on the Internet concerning himself or his Likeness.

19. Heid has established goodwill with the clients and agents he has engaged with over the years.

20. The goodwill established by Heid has substantial economic value.

21. For approximately ten years until March 2024, Heid was the Chief Research and Development Officer as SSC.

22. As part of SSC's business, it advertises in a number of different communicative mediums including, but not limited to, the Internet.

23. As a part of SSC's business, it maintains an Internet website at the following location https://securityscorecard.com/ ("Website"). It is believed that SSC is the owner of the Website.

24. In or about March 2024, SSC terminated Plaintiff's employment.

25. In or about early May 2024, Plaintiff learned that SSC had advertised its services for its HEID AI solution on its Website, using the advertisement shown below:



*Figure 1*

26. The text of the advertisement reads "HEID AI turns billions of events observed from across the internet into actionable insights."

4926-4149-2769, v. 7

27. In addition to bearing the last name of Plaintiff, the advertisement includes an unmistakable photograph of Plaintiff's face, altered to appear as though Heid is of non-human, i.e., robotic, origin.

28. Indeed, the source of the photograph in the advertisement was the same photograph that appeared on SSC's "Leadership" webpage available at https://securityscorecard.com/company/leadership/ that, until approximately March 27, 2024, publicly displayed Heid on its Website. The source of the photograph in the advertisement is shown below:



*Figure 2*

29. Plaintiff is the only named cyber-security professional in the United States utilizing the "Heid" name; his physical appearance is shown in Figure 2.

30. The advertisement was accessible on SSC's Website from approximately May 2024 and for a period of time thereafter, for which Defendants were responsible.

31. SSC also engaged in the act of animating Plaintiff, including at a 2024 RSA Conference held in San Franciso, CA.

32. Images of Plaintiff displayed by SSC at the 2024 RSA Conference, as well as other images depicting his name and Likeness in connection with SSC's advertising for the conference, are depicted below:



*Figure 3*

7



*Figure 4*



*Figure 5*

4926-4149-2769, v. 7

33. SSC's unauthorized use of Plaintiff's Likeness to promote its HEID AI product is likely to confuse consumers in the marketplace, including, without limitation, causing them to believe that Plaintiff endorses, sponsors, promotes or is otherwise affiliated with SSC and its products and/or services when he is not.

## COUNT I

### Unauthorized Use of Likeness in Violation of § 540.08, Florida Statute

34. Plaintiff hereby re-alleges and incorporates herein by reference the allegations of paragraphs 1 to 33 of this Complaint as if fully set forth herein.

35. Defendants gained pecuniary benefit from the unauthorized use of Plaintiff's Likeness to advertise HEID AI.

36. Defendants' unauthorized use of Plaintiff's Likeness in advertising HEID AI, as alleged herein, constitutes the unauthorized public use of Plaintiff's image and likeness for commercial and advertising purposes thereby violating § 540.08, Florida Statute.

37. As a result of Defendants' unauthorized use of Plaintiff's name along with his portrait and/or picture, Plaintiff has suffered damages.

38. In addition, as a direct and proximate result of Defendants' violations of § 540.08, Florida Statute, Plaintiff is entitled to a reasonable license fee or royalty for use of his Likeness.

39. Defendants' conduct was willful and motivated by malice and/or reckless indifference to Plaintiff's legal rights, entitling him to an award of punitive damages.

4926-4149-2769, v. 7

## COUNT II

### Violation of the New York State Civil Rights Law §§ 50 and 51

40. Plaintiff hereby re-alleges and incorporates herein by reference the allegations of paragraphs 1 to 39 of this Complaint as if fully set forth herein.

41. New York Civil Rights Law § 50 provides, in pertinent part, as follows:

> A person, firm or corporation that uses for advertising purposes, or for the purposes of trade, the name, portrait, picture, likeness, or voice of any living person without having first obtained the written consent of such person, or if a minor of such minor's parent or guardian, is guilty of a misdemeanor.

42. New York Civil Rights Law § 51 further provides, in pertinent part, as follows:

> Any person whose name, portrait, picture, likeness or voice is used within this state for advertising purposes or for the purposes of trade without the written consent first obtained as above provided may maintain an equitable action in the supreme court of this state against the person, firm or corporation so using such person's name, portrait, picture, likeness or voice, to prevent and restrain the use thereof; and may also sue and recover damages for any injuries sustained by reason of such use and if the defendant shall have knowingly used such person's name, portrait, picture, likeness or voice in such manner as is forbidden or declared to be unlawful by section fifty of this article, the jury, in its discretion, may award exemplary damages.

43. The statute protects all living persons, regardless of whether or not their identity has commercial value.

44. Defendants used Plaintiff's name with his portrait and/or picture within the state of New York for purposes of advertising and/or trade to promote their HEID AI product.

45. Defendants did so without Plaintiff's consent, be it oral or written.

46. As a result of Defendants' unauthorized use of Plaintiff's name with his portrait and/or picture, Plaintiff has suffered and continues to suffer damages.

4926-4149-2769, v. 7

47. In addition, as a direct and proximate result of Defendants' unlawful conduct, Plaintiff is entitled to a reasonable license fee or royalty for use of his Likeness.

48. Defendants' conduct was willful and motivated by malice and/or reckless indifference to Plaintiff's legal rights, entitling him to an award of punitive damages.

## COUNT III

### Invasion of Privacy—Unauthorized Use of Name or Likeness to Obtain Benefit Under Florida Common Law

49. Plaintiff hereby re-alleges and incorporates herein by reference the allegations of paragraphs 1 to 48 of this Complaint as if fully set forth herein.

50. Defendants used Plaintiff's Likeness for their own commercial benefit to promote their HEID AI product.

51. Defendants' actions were unauthorized by Plaintiff.

52. As a proximate result of Defendants' unauthorized use of Plaintiff's Likeness, Plaintiff has suffered and continues to suffer emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other damages.

53. Defendants' conduct was willful and motivated by malice and/or reckless indifference to Plaintiff's legal rights, entitling him to an award of punitive damages.

## COUNT IV

### Breach of Agreement

54. Plaintiff hereby re-alleges and incorporates herein by reference the allegations of paragraphs 1 to 53 of this Complaint as if fully set forth herein.

55. Plaintiff was a beneficiary of a certain written Stock Option Grant Agreement (the "Grant Agreement") entered into with SSC as of May 14, 2015.

56. Among other things, the Grant Agreement granted Plaintiff, referred to in the Grant Agreement as "Optionee," the option to purchase Common Stock of SSC (hereafter, referred to as "Options"), subject to the vesting schedule specified by the Grant Agreement, among other terms and conditions of a certain 2013 Equity Incentive Plan and the Grant Agreement.

57. The Grant Agreement provided, among other things, that the Option "shall terminate and be canceled to the extent not exercised within ninety (90) days after the Optionee ceases to be a Service Provider," except in the case of death or termination of service for "cause."

58. Plaintiff's cessation of employment with SSC was neither due to death nor for cause.

59. In consideration for recognition of Plaintiff's substantial contributions to the ongoing success of SSC, Plaintiff requested that SSC permit Plaintiff to exercise his Option within twelve (12) months of his termination from SSC.

60. In or about May 2024, Plaintiff exchanged several emails with SSC's General Counsel, Owen Denby ("Denby"), about Plaintiff's request for an extension of the Option deadline.

61. Denby had actual and/or apparent authority to bind SSC.

62. By email dated May 13, 2024, Denby wrote to Plaintiff on behalf of SSC as follows:

> Apologies again for the delay. I've spoken to our Equity team and the 1 year extension should be updated and reflected in Shareworks later this week.
>
> Any questions about exercising mechanics can be directed to the equity@securityscorecard.io inbox and someone from that team will be able to assist.

63. Plaintiff relied upon SSC's agreement to extend the Option exercise period for a total of twelve (12) months, until April 1, 2025 (the "Extension").

64. The Extension was an enforceable amendment to the Grant Agreement supported by valid consideration.

65. By letter dated June 6, 2024, Plaintiff's attorney placed SSC on notice that SSC was unlawfully using Plaintiff's Likeness in connection with its public promotion and advertisement of HEID AI and demanded that SSC cease and desist from its unlawful conduct (the "Demand Letter").

66. In retaliation for the Demand Letter, in the days that followed Yampolskiy sent multiple threatening texts to Plaintiff, wherein he stated, *inter alia*, "I can always claw back your shares" and "[w]ould you prefer us to do it[?]"

67. Upon information and belief, after receiving the Demand Letter and in retaliation therefore, Yampolskiy wrongfully directed SSC to terminate the Extension.

68. After receiving the Demand Letter and in retaliation therefore, SSC wrongfully and unilaterally terminated the Extension.

69. Upon information and belief, Defendants' aforesaid conduct was willful and motivated by malice and/or reckless indifference to Plaintiff's legal rights, the sole purpose of which was to bring harm to Plaintiff, thus entitling him to punitive damages.

70. After receiving the Demand Letter and in retaliation thereto, Defendants imposed a new deadline of July 31, 2024 upon Plaintiff by which he had to exercise his Option.

71. As a result of the foregoing, Plaintiff has sustained damages by being forced prematurely to exercise his Option, thereby causing him to incur economic losses.

4926-4149-2769, v. 7

**WHEREFORE**, Plaintiff, Alexander Heid, requests this Court to:

a. Preliminarily and permanently enjoin and restrain Defendants and their agents, officers, servants, employees, successors and assigns and all others acting in concert or in privity with Defendants, from using, imitating and/or copying Plaintiff's image and likeness and from imprinting, producing, marketing, selling, transporting, distributing, moving and/or otherwise circulating any and all services or products which bear Plaintiff's image and likeness, or any colorable simulation or imitation thereof;

b. Monetary damages in the form of reimbursement for costs, expenses, lost profits, interest and fees associated with exercising his Option in an amount to be determined at trial;

c. Compensatory damages for a reasonable royalty and/or license fee for use of Plaintiff's Likeness, and Plaintiff's emotional pain and suffering, inconvenience, mental anguish, humiliation, and loss of reputation;

d. Disgorgement of SSC's profits arising from the unauthorized use of his Likeness;

e. Punitive damages;

f. Attorneys' fees;

g. Costs and disbursements;

h. Pre- and post-judgment interest; and

i. Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rule of Civil Procedure, Plaintiff hereby demands a trial by jury in this action of all issues so triable.

                                         Respectfully submitted,

                                         Joel G. MacMull
                                         **MANDELBAUM BARRETT PC**
                                         570 Lexington Avenue, 21st Floor
                                         New York, New York 10022
                                         Tel.: 973-736-4600
                                         Email: jmacmull@mblawfirm.com

                                         *Attorneys for Plaintiff Alexander Heid*

February 28, 2025

4926-4149-2769, v. 7