UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HEID,<br><br>Plaintiff,<br><br>v.<br><br>SECURITYSCORECARD INC. and ALEKSANDR YAMPOLSKIY,<br><br>Defendants. | Case No. 1:25-cv-01734 (JSR) |

**ANSWER**

Defendants SecurityScorecard Inc. ("SSC Inc.") and Aleksandr Yampolskiy ("AY") by and through their attorneys, Crowell & Moring LLP, as and for their Answer to the Complaint of Plaintiff Heid ("Plaintiff") allege as follows:

**GENERAL DENIAL**

To the extent that any allegations of the Complaint are not specifically admitted, SSC Inc. denies the same.

**SUMMARY OF CLAIMS AND RELIEF REQUESTED**

1. SSC Inc. and AY deny the allegations in paragraph 1, except it admits that Plaintiff purports to describe its theory of liability therein.

2. SSC Inc. and AY deny the allegations in paragraph 2, except it admits that Plaintiff purports to describe its theory of liability therein.

3. SSC Inc. and AY deny the allegations in paragraph 3, except it admits that Plaintiff purports to describe its theory of liability therein.

4. SSC Inc. and AY deny the allegations in paragraph 4, except it admits that Plaintiff purports to describe its theory of liability therein.

5. SSC Inc. and AY deny the allegations in paragraph 5, except it admits that Plaintiff purports to describe its theory of liability therein.

## PARTIES

6. SSC Inc. and AY deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 6.

7. SSC Inc. admits that SSC Inc. was formed under the laws of the State of Delaware.

8. SSC Inc. and AY admit that AY is the Chief Executive Officer and Co-Founder of SSC Inc.

9. SSC Inc. and AY deny the allegations set forth in Paragraph 9 of the Complaint.

## JURISDICTION AND VENUE

10. Paragraph 10 purports to state a legal conclusion to which no response is required.

11. Paragraph 11 purports to state a legal conclusion to which no response is required.

12. Paragraph 12 purports to state a legal conclusion to which no response is required.

13. Paragraph 14 purports to state a legal conclusion to which no response is required.

## FACTS

14. SSC Inc. and AY deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 14.

15. SSC Inc. and AY deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 15.

16. SSC Inc. and AY deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 16.

17. SSC Inc. and AY deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 17.

18. SSC Inc. and AY deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 18.

19. SSC Inc. and AY deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 19.

20. SSC Inc. and AY deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 20.

21. SSC Inc. and AY admit Plaintiff was employed by SSC Inc.

22. SSC Inc. admits SSC Inc. advertises its business.

23. SSC Inc. admits SSC Inc. maintains a website.

24. SSC Inc. admits Plaintiff left SSC Inc. on April 1, 2024.

25. SSC Inc. and AY deny the allegations in paragraph 25, except it admits that Plaintiff purports to describe its theory of liability therein.

26. SSC Inc. and AY deny the allegations in paragraph 26, except it admits that Plaintiff purports to describe its theory of liability therein.

27. SSC Inc. and AY deny the allegations in paragraph 27, except it admits that Plaintiff purports to describe its theory of liability therein.

28. SSC Inc. and AY deny the allegations in paragraph 28, except it admits that Plaintiff purports to describe its theory of liability therein.

29. SSC Inc. and AY deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 29.

30. SSC Inc. and AY deny the allegations in paragraph 28, except it admits that Plaintiff purports to describe its theory of liability therein.

31. SSC Inc. and AY deny the allegations in paragraph 28, except it admits that Plaintiff purports to describe its theory of liability therein.

32. SSC Inc. and AY deny the allegations in paragraph 28, except it admits that Plaintiff purports to describe its theory of liability therein.

33. SSC Inc. and AY deny the allegations in paragraph 33, except it admits that Plaintiff purports to describe its theory of liability therein.

## ANSWERING COUNT I OF THE COMPLAINT

34. In answer to the allegation set forth in Paragraph 34 of the Complaint, SSC Inc. and AY repeat and reallege the response to Paragraphs 1 through 33 of the Complaint stated above as if fully and completely set forth herein.

35. SSC Inc. and AY deny the allegations set forth in Paragraph 35 of the Complaint.

36. SSC Inc. and AY deny the allegations set forth in Paragraph 36 of the Complaint.

37. SSC Inc. and AY deny the allegations set forth in Paragraph 37 of the Complaint.

38. SSC Inc. and AY deny the allegations set forth in Paragraph 38 of the Complaint.

39. SSC Inc. and AY deny the allegations set forth in Paragraph 39 of the Complaint.

## ANSWERING COUNT II OF THE COMPLAINT

40. In answer to the allegation set forth in Paragraph 34 of the Complaint, SSC Inc. and AY repeat and reallege the response to Paragraphs 1 through 39 of the Complaint stated above as if fully and completely set forth herein.

41. Paragraph 41 sets forth New York Civil Rights Law § 50 to which no response is required.

42. Paragraph 44 sets forth New York Civil Rights Law § 51 to which no response is required..

43.     The allegations in paragraph 43 set forth Plaintiff's characterization of the New York Civil Rights Law §§ 50 and/or 51, to which no response is required. To the extent a response is required, SSC Inc. and AY deny the allegations and respectfully refers the Court to New York Civil Rights Law §§ 50 and 51 for the language of the statues.

44.     SSC Inc. and AY deny the allegations set forth in Paragraph 44 of the Complaint.

45.     SSC Inc. and AY deny the allegations set forth in Paragraph 45 of the Complaint.

46.     SSC Inc. and AY deny the allegations set forth in Paragraph 46 of the Complaint.

47.     SSC Inc. and AY deny the allegations set forth in Paragraph 47 of the Complaint.

48.     SSC Inc. and AY deny the allegations set forth in Paragraph 48 of the Complaint.

### ANSWERING COUNT III OF THE COMPLAINT

49.     In answer to the allegation set forth in Paragraph 34 of the Complaint, SSC Inc. and AY repeat and reallege the response to Paragraphs 1 through 48 of the Complaint stated above as if fully and completely set forth herein.

50.     SSC Inc. and AY deny the allegations set forth in Paragraph 50 of the Complaint.

51.     SSC Inc. and AY deny the allegations set forth in Paragraph 51 of the Complaint.

52.     SSC Inc. and AY deny the allegations set forth in Paragraph 52 of the Complaint.

53.     SSC Inc. and AY deny the allegations set forth in Paragraph 53 of the Complaint.

### ANSWERING COUNT IV OF THE COMPLAINT

54.     In answer to the allegation set forth in Paragraph 34 of the Complaint, SSC Inc. and AY repeat and reallege the response to Paragraphs 1 through 53 of the Complaint stated above as if fully and completely set forth herein.

55.     The allegations in paragraph 55 set forth Plaintiff's characterization of the Grant Agreement, to which no response is required. To the extent a response is required, SSC Inc. and

AY deny the allegations and respectfully refers the Court to the Grant Agreement for a true and complete statement of its contents.

56. The allegations in paragraph 56 set forth Plaintiff's characterization of the Grant Agreement, to which no response is required. To the extent a response is required, SSC Inc. and AY deny the allegations and respectfully refers the Court to the Grant Agreement for a true and complete statement of its contents.

57. The allegations in paragraph 57 set forth Plaintiff's characterization of the Grant Agreement, to which no response is required. To the extent a response is required, SSC Inc. and AY deny the allegations and respectfully refers the Court to the Grant Agreement for a true and complete statement of its contents.

58. SSC Inc. and AY deny the allegations in paragraph 33, except it admits that Plaintiff purports to describe its theory of liability therein.

59. SSC Inc. and AY deny the allegations set forth in Paragraph 59 of the Complaint.

60. The allegations in paragraph 58 set forth Plaintiff's characterization of the communications between Plaintiff and an employee SSC Inc., to which no response is required. To the extent a response is required, SSC Inc. and AY deny the allegations and respectfully refers the Court to the communications for a true and complete statement of its contents.

61. SSC Inc. and AY deny the allegations set forth in Paragraph 61 of the Complaint.

62. The allegations in paragraph 62 set forth Plaintiff's characterization of the communications between Plaintiff and an employee of SSC Inc., to which no response is required. To the extent a response is required, SSC Inc. and AY deny the allegations and respectfully refers the Court to the communications for a true and complete statement of its contents.

63. SSC Inc. and AY deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 63.

64. SSC Inc. and AY deny the allegations set forth in Paragraph 64 of the Complaint.

65. The allegations in paragraph 65 set forth Plaintiff's characterization of the communications between Plaintiff and an employee of SSC Inc., to which no response is required. To the extent a response is required, SSC Inc. and AY deny the allegations and respectfully refers the Court to the communications for a true and complete statement of its contents.

66. The allegations in paragraph 66 set forth Plaintiff's characterization of the communications between Plaintiff and an employee of SSC Inc., to which no response is required. To the extent a response is required, SSC Inc. and AY deny the allegations and respectfully refers the Court to the communications for a true and complete statement of its contents.

67. SSC Inc. and AY deny the allegations set forth in Paragraph 67 of the Complaint.

68. SSC Inc. and AY deny the allegations set forth in Paragraph 68 of the Complaint.

69. SSC Inc. and AY deny the allegations set forth in Paragraph 69 of the Complaint.

70. SSC Inc. and AY deny the allegations set forth in Paragraph 70 of the Complaint.

71. SSC Inc. and AY deny the allegations set forth in Paragraph 71 of the Complaint.

## DEFENSES

SSC Inc. asserts the following defenses without assuming the burden of proof or any other burden if such burdens would otherwise be on Plaintiff:

## FIRST AFFIRMATIVE DEFENSE

72. The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

73. Plaintiff's claims against SSC Inc. and AY are barred, in whole or in part, because Plaintiff has suffered no injury in fact as a result of any acts or failures to act by SSC Inc. or AY.

**THIRD AFFIRMATIVE DEFENSE**

74. Plaintiff's claims against SSC Inc. and AY are barred, in whole or in part, to the extent Plaintiff seeks damages that are speculative and uncertain.

**FOURTH AFFIRMATIVE DEFENSE**

75. Plaintiff's claims against SSC Inc. and AY are barred, in whole or in part, because SSC Inc. and AY's actions were privileged, justified, and/or excused.

**FIFTH AFFIRMATIVE DEFENSE**

76. Plaintiff's claims against SSC Inc. and AY are barred in whole or in part by contractual limitations on SSC Inc. and AY's liability.

**SIXTH AFFIRMATIVE DEFENSE**

77. Plaintiff had a duty to take, but failed to take, reasonable action to mitigate any damages allegedly sustained as a result of the facts alleged in the Complaint and therefore is barred from recovering any damages that might reasonably have been avoided.

**SEVENTH AFFIRMATIVE DEFENSE**

78. Plaintiff's claims against SSC Inc. and AY are barred, in whole or in part, by laches, equitable estoppel, acquiescence, ratification, waiver, and/or other equitable doctrines.

**EIGHTH AFFIRMATIVE DEFENSE**

79. Plaintiff's claims against SSC Inc. and AY are barred, in whole or in part, because Plaintiff failed to perform its contractual obligations or materially breached its contractual obligations to SSC Inc. and AY.

**NINTH AFFIRMATIVE DEFENSE**

80. SSC Inc. and AY currently has insufficient knowledge or information upon which to form a belief as to any other potential defenses that may be available to it and expressly reserves the right to amend or supplement this Answer and affirmative defenses, as well as to assert any and all additional or alternative defenses under any applicable state or federal law or regulations, in the event that discovery indicates that such defenses are available. SSC Inc. and AY also reserve the right to assert any cross-claims, counterclaims, and third-party claims in the event that discovery indicates such claims are available

**SSC INC.'S COUNTERCLAIMS**

Defendant SecurityScorecard Inc. ("SSC Inc.") asserts its counterclaims against Plaintiff Heid ("Plaintiff") and states as follows:

1. SSC Inc. incorporates its Answer to the Complaint (paragraphs 1-71) and Affirmative Defenses (paragraphs 72-80) as set forth above.

**PARTIES**

2. SSC Inc. is a corporation duly organized and existing under the laws of the State of Delaware with a principal place of business located at 1140 Avenue of the Americas, 19th Floor, New York, New York 10036.

3. On information and belief, Plaintiff Heid is an individual who during the relevant period was a resident of the State of Florida.

**JURISDICTION**

4. The counterclaim asserted herein is compulsory pursuant to Fed. R. Civ. P. 13(a), in that it arises out of the transactions or occurrences that are the subject matter of the Plaintiff's

Complaint and do not require adding another party over whom the court cannot acquire jurisdiction.

5. This Court also has jurisdiction over the instant counterclaim pursuant to 28 U.S.C. § 1332 based upon the parties' alleged diversity of citizenship and the fact that the amount in controversy, exclusive of interest and costs, exceeds $75,000.

## BACKGROUND

6. Upon information and belief, Plaintiff controls social media presences on multiple platforms under the pseudonym "Jake Newman."

7. Upon information and belief, numerous of Plaintiff's social media activities associated with the "Jake Newman" pseudonym were highly offensive and derogatory, including purported racist and antisemitic commentary by followers of the "Jake Newman" account.

8. Upon information and belief, Plaintiff's social media activities associated with the "Jake Newman" pseudonym improperly conveyed a relationship between "Jake Newman" and SSC Inc., resulting in complaints to SSC Inc. on or about February 26, 2024, due to the highly offensive and derogatory nature of the comments associated with the "Jake Newman" account.

9. Upon information and belief, over the last few years, Plaintiff's behavior and actions towards SSC Inc. and others has become increasingly erratic and unstable. For example, SSC Inc. received communications from a third party indicating that Plaintiff sent "extremely inappropriate emails, attacking [the third party's] family and in particular [the third party's] 6 year old son." and that Plaintiff is "mentally unstable and medicates himself with heavy drugs."

10. Upon information and belief, Plaintiff's behavior required this third party to change their telephone number and contemplate seeking police and legal protection to address Plaintiff's repeated harassing behavior.

11.     Furthermore, Plaintiff contacted SSC Inc.'s employees numerous times and left incoherent and aggressive voicemails, threatening to extort, unduly coerce, and disparage SSC Inc. and its senior leadership, including several incoherent and aggressive voicemails to key members of SSC Inc.'s leadership team in the early morning hours of July 4, 2024, where Plaintiff appeared to sound heavily medicated or intoxicated.

## FIRST COUNTERCLAIM – BREACH OF RELEASE

12.     On or about August 9, 2023, certain SSC Inc. employees indicated to Plaintiff that the word "HEID" would be used for an upcoming marketing campaign.

13.     On or about August 10, 2023, Plaintiff gained knowledge of SSC Inc.'s intention to use the word "HEID" in an upcoming marketing campaign by stating on an internal communication "Hahaha t[h]is is awesome," in response to an SSC Inc. employee providing information as to the use of "HEID" in connection with the upcoming marketing campaign. Plaintiff's statement was received and reviewed by SSC Inc. employees on or about August 10, 2023.

14.     On or about September 1, 2023, Plaintiff gained knowledge for the second time that SSC Inc. intended to use the word "HEID" in connection with an upcoming marketing campaign by stating on an internal communication "This is awesome," in response to an SSC Inc. employee providing information as to the use of "HEID" in connection with the upcoming marketing campaign.  Plaintiff's statement was received and reviewed by SSC Inc. employees on or about September 1, 2023.

15.     On or about February 9, 2024, after SSC Inc. began its marketing campaign utilizing the phrase "H.E.I.D.," Plaintiff, for the third time, acknowledged the use of the word "HEID" in connection with SSC Inc.'s marketing campaign.

11

16. On or about February 13, 2024, after SSC Inc. began its marketing campaign utilizing the phrase "H.E.I.D.," Plaintiff, for the fourth time, acknowledged the use of the phrase "H.E.I.D." in connection with SSC Inc.'s marketing campaign.

17. With the knowledge that SSC Inc. was utilizing the phrase "H.E.I.D." in connection with its marketing campaign, Plaintiff executed a Separation Agreement (the "Separation Agreement") with SSC Inc. on April 8, 2024.

18. The Separation Agreement included, *inter alia*, Section 11, titled "Release of All Claims" (the "Release").

19. Pursuant to the Release, Plaintiff "release[d] … [SSC Inc.] and [its] affiliates, officers, [and] employees … of and from any and all claims … known … at any time prior to and including the date [Plaintiff] sign[s] this [Separation Agreement]."

20. Plaintiff had knowledge of the use of the phrase "H.E.I.D." prior to executing the Separation Agreement.

21. By bringing this lawsuit against SSC Inc., Plaintiff is in breach of the Release of the Separation Agreement.

22. SSC Inc. has been damaged by that breach and will continue to suffer such damage unless this Court enters appropriate relief.

**SECOND COUNTERCLAIM – BREAH OF ASSIGNMENT AGREEMENT**

23. SSC Inc. realleges and incorporates paragraphs 1 through 22 of its Counterclaims.

24. In or about July 18, 2014, Plaintiff entered into a Proprietary Information and Inventions and Non-Competition Agreement (the "Assignment Agreement") with SSC Inc.

25. Section 6(b) of the Assignment Agreement states: "[Plaintiff] hereby assign[s] to [SSC Inc.] any rights I may have or acquire in Inventions," where "Inventions" is defined in Section 1.3 of Exhibit A to the Assignment Agreement as:

> **[A]ll data, discoveries, designs, developments, formulae, ideas, improvements, inventions, know-how, processes, programs, and techniques, whether or not patentable or registrable under copyright, trademark or similar statutes, and all designs, trademarks and copyrightable works that I made or conceived or reduced to practice or learned, either alone or jointly with others, during the period of my employment** which (a) are related or useful in the business of the Company or to the Company's actual or demonstrably anticipated research, design, development, experimental production, financing, manufacturing, licensing, distribution or marketing activity carried on by the Company, or (b) result from tasks assigned me by the Company, or (c) result from use of premises or equipment owned, leased or contracted for by the Company

26. During Plaintiff's employment with SSC Inc., Plaintiff learned along and jointly with others the intellectual property associated with SSC Inc.'s "H.E.I.D." marketing campaign by acknowledging the existence of the "H.E.I.D." marketing campaign, providing feedback as to the "H.E.I.D." marketing campaign, and approving the "H.E.I.D." marketing campaign.

27. As a result of Plaintiff's activity associated with the "H.E.I.D." marketing campaign, Plaintiff assigned all interests in all intellectual property related to the "H.E.I.D." marketing campaign to SSC Inc. per the Assignment Agreement.

28. By bringing this lawsuit against SSC Inc. and AY related to the "H.E.I.D." marketing campaign, Plaintiff breached the Assignment Agreement.

29. By bringing this lawsuit against SSC Inc. and AY, SSC Inc. has been damaged and will continue to suffer such damage unless the Court enters appropriate relief.

## DEMAND FOR JURY TRIAL

30. SSC Inc. respectfully request a jury trial, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, as to all issues that may be tried to a jury.

## **PRAY FOR RELIEF**

WHEREFORE, Defendant/Counterclaimant SSC Inc. respectfully request an Order:

(1) denying all relief requested by Plaintiff;

(2) declaring Plaintiff breached the Separation Agreement;

(3) awarding damages to SSC Inc. for Plaintiff's breach of the Separation Agreement;

(4) declaring Plaintiff breached the Assignment Agreement;

(5) awarding damages to SSC Inc. for Plaintiff's breach of the Assignment Agreement; and

(6) awarding SSC Inc. its costs and attorneys' fees.

Dated: April 16, 2025                                         Respectfully submitted,

                                                              */s/ Paul B. Keller*

                                                              Paul B. Keller
                                                              James N. Reed
                                                              CROWELL & MORING LLP
                                                              Two Manhattan West
                                                              375 Ninth Avenue
                                                              New York, NY 10001
                                                              Telephone: (212) 223-4000
                                                              PKeller@crowell.com
                                                              JReed@crowell.com

                                                              *Counsel for SecurityScorecard Inc.*
                                                              *and Aleksandr Yampolskiy*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on, April 16, 2025, a true and correct copy of the foregoing document was filed and uploaded to the Court's CM/ECF system, which will send a notice of electronic filing to all parties by operation of the system:

Joel G. MacMull
**MANDELBAUM BARRETT PC**
570 Lexington Avenue, 21st Floor
New York, New York 10022
Tel.: 973-736-4600
Email: jmacmull@mblawfirm.com

*Attorneys for Plaintiff Alexander Heid*

　　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ James N. Reed*
　　　　　　　　　　　　　　　　　　　　　　　　　　James N. Reed