# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEXANDER HEID,<br><br>Plaintiff,<br><br>           v.<br><br>SECURITYSCORECARD INC. and<br>ALEKSANDR YAMPOLSKIY,<br><br>Defendants. | Case No. 1:25-cv-01734 (JSR)<br><br>**FIRST AMENDED ANSWER WITH COUNTERCLAIMS AND JURY DEMAND** |

Defendants SecurityScorecard Inc. ("SSC Inc.") and Aleksandr Yampolskiy ("AY") by and through their attorneys, Crowell & Moring LLP, as and for their First Amended Answer to the Complaint of Plaintiff Heid ("Plaintiff") allege as follows:

## GENERAL DENIAL

To the extent that any allegations of the Complaint are not specifically admitted, SSC Inc. and AY deny the same.

## SUMMARY OF CLAIMS AND RELIEF REQUESTED

1.      SSC Inc. and AY deny the allegations in paragraph 1, except it admits that Plaintiff purports to describe its theory of liability therein.

2.      SSC Inc. and AY deny the allegations in paragraph 2, except it admits that Plaintiff purports to describe its theory of liability therein.

3.      SSC Inc. and AY deny the allegations in paragraph 3, except it admits that Plaintiff purports to describe its theory of liability therein.

4.      SSC Inc. and AY deny the allegations in paragraph 4, except it admits that Plaintiff purports to describe its theory of liability therein.

5.      SSC Inc. and AY deny the allegations in paragraph 5, except it admits that Plaintiff purports to describe its theory of liability therein.

**PARTIES**

6.      SSC Inc. and AY deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 6.

7.      SSC Inc. admits that SSC Inc. was formed under the laws of the State of Delaware.

8.      SSC Inc. and AY admit that AY is the Chief Executive Officer and Co-Founder of SSC Inc.

9.      SSC Inc. and AY deny the allegations set forth in Paragraph 9 of the Complaint.

**JURISDICTION AND VENUE**

10.     Paragraph 10 purports to state a legal conclusion to which no response is required.

11.     Paragraph 11 purports to state a legal conclusion to which no response is required.

12.     Paragraph 12 purports to state a legal conclusion to which no response is required.

13.     Paragraph 14 purports to state a legal conclusion to which no response is required.

**FACTS**

14.     SSC Inc. and AY deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 14.

15.     SSC Inc. and AY deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 15.

16.     SSC Inc. and AY deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 16.

17.     SSC Inc. and AY deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 17.

18.     SSC Inc. and AY deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 18.

19.     SSC Inc. and AY deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 19.

20.     SSC Inc. and AY deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 20.

21.     SSC Inc. and AY admit Plaintiff was employed by SSC Inc.

22.     SSC Inc. admits SSC Inc. advertises its business.

23.     SSC Inc. admits SSC Inc. maintains a website.

24.     SSC Inc. admits Plaintiff left SSC Inc. on April 1, 2024.

25.     SSC Inc. and AY deny the allegations in paragraph 25, except it admits that Plaintiff purports to describe its theory of liability therein.

26.     SSC Inc. and AY deny the allegations in paragraph 26, except it admits that Plaintiff purports to describe its theory of liability therein.

27.     SSC Inc. and AY deny the allegations in paragraph 27, except it admits that Plaintiff purports to describe its theory of liability therein.

28.     SSC Inc. and AY deny the allegations in paragraph 28, except it admits that Plaintiff purports to describe its theory of liability therein.

29.     SSC Inc. and AY deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 29.

30.    SSC Inc. and AY deny the allegations in paragraph 28, except it admits that Plaintiff purports to describe its theory of liability therein.

31.    SSC Inc. and AY deny the allegations in paragraph 28, except it admits that Plaintiff purports to describe its theory of liability therein.

32.    SSC Inc. and AY deny the allegations in paragraph 28, except it admits that Plaintiff purports to describe its theory of liability therein.

33.    SSC Inc. and AY deny the allegations in paragraph 33, except it admits that Plaintiff purports to describe its theory of liability therein.

## ANSWERING COUNT I OF THE COMPLAINT

34.    In answer to the allegation set forth in Paragraph 34 of the Complaint, SSC Inc. and AY repeat and reallege the response to Paragraphs 1 through 33 of the Complaint stated above as if fully and completely set forth herein.

35.    SSC Inc. and AY deny the allegations set forth in Paragraph 35 of the Complaint.

36.    SSC Inc. and AY deny the allegations set forth in Paragraph 36 of the Complaint.

37.    SSC Inc. and AY deny the allegations set forth in Paragraph 37 of the Complaint.

38.    SSC Inc. and AY deny the allegations set forth in Paragraph 38 of the Complaint.

39.    SSC Inc. and AY deny the allegations set forth in Paragraph 39 of the Complaint.

## ANSWERING COUNT II OF THE COMPLAINT

40.    In answer to the allegation set forth in Paragraph 34 of the Complaint, SSC Inc. and AY repeat and reallege the response to Paragraphs 1 through 39 of the Complaint stated above as if fully and completely set forth herein.

41.    Paragraph 41 sets forth New York Civil Rights Law § 50 to which no response is required.

4

42.     Paragraph 44 sets forth New York Civil Rights Law § 51 to which no response is required..

43.     The allegations in paragraph 43 set forth Plaintiff's characterization of the New York Civil Rights Law §§ 50 and/or 51, to which no response is required. To the extent a response is required, SSC Inc. and AY deny the allegations and respectfully refers the Court to New York Civil Rights Law §§ 50 and 51 for the language of the statues.

44.     SSC Inc. and AY deny the allegations set forth in Paragraph 44 of the Complaint.

45.     SSC Inc. and AY deny the allegations set forth in Paragraph 45 of the Complaint.

46.     SSC Inc. and AY deny the allegations set forth in Paragraph 46 of the Complaint.

47.     SSC Inc. and AY deny the allegations set forth in Paragraph 47 of the Complaint.

48.     SSC Inc. and AY deny the allegations set forth in Paragraph 48 of the Complaint.

## ANSWERING COUNT III OF THE COMPLAINT

49.     In answer to the allegation set forth in Paragraph 34 of the Complaint, SSC Inc. and AY repeat and reallege the response to Paragraphs 1 through 48 of the Complaint stated above as if fully and completely set forth herein.

50.     SSC Inc. and AY deny the allegations set forth in Paragraph 50 of the Complaint.

51.     SSC Inc. and AY deny the allegations set forth in Paragraph 51 of the Complaint.

52.     SSC Inc. and AY deny the allegations set forth in Paragraph 52 of the Complaint.

53.     SSC Inc. and AY deny the allegations set forth in Paragraph 53 of the Complaint.

## ANSWERING COUNT IV OF THE COMPLAINT

54.     In answer to the allegation set forth in Paragraph 34 of the Complaint, SSC Inc. and AY repeat and reallege the response to Paragraphs 1 through 53 of the Complaint stated above as if fully and completely set forth herein.

55.    The allegations in paragraph 55 set forth Plaintiff's characterization of the Grant Agreement, to which no response is required. To the extent a response is required, SSC Inc. and AY deny the allegations and respectfully refers the Court to the Grant Agreement for a true and complete statement of its contents.

56.    The allegations in paragraph 56 set forth Plaintiff's characterization of the Grant Agreement, to which no response is required. To the extent a response is required, SSC Inc. and AY deny the allegations and respectfully refers the Court to the Grant Agreement for a true and complete statement of its contents.

57.    The allegations in paragraph 57 set forth Plaintiff's characterization of the Grant Agreement, to which no response is required. To the extent a response is required, SSC Inc. and AY deny the allegations and respectfully refers the Court to the Grant Agreement for a true and complete statement of its contents.

58.    SSC Inc. and AY deny the allegations in paragraph 33, except it admits that Plaintiff purports to describe its theory of liability therein.

59.    SSC Inc. and AY deny the allegations set forth in Paragraph 59 of the Complaint.

60.    The allegations in paragraph 58 set forth Plaintiff's characterization of the communications between Plaintiff and an employee SSC Inc., to which no response is required. To the extent a response is required, SSC Inc. and AY deny the allegations and respectfully refers the Court to the communications for a true and complete statement of its contents.

61.    SSC Inc. and AY deny the allegations set forth in Paragraph 61 of the Complaint.

62.    The allegations in paragraph 62 set forth Plaintiff's characterization of the communications between Plaintiff and an employee of SSC Inc., to which no response is required.

To the extent a response is required, SSC Inc. and AY deny the allegations and respectfully refers the Court to the communications for a true and complete statement of its contents.

63.     SSC Inc. and AY deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 63.

64.     SSC Inc. and AY deny the allegations set forth in Paragraph 64 of the Complaint.

65.     The allegations in paragraph 65 set forth Plaintiff's characterization of the communications between Plaintiff and an employee of SSC Inc., to which no response is required. To the extent a response is required, SSC Inc. and AY deny the allegations and respectfully refers the Court to the communications for a true and complete statement of its contents.

66.     The allegations in paragraph 66 set forth Plaintiff's characterization of the communications between Plaintiff and an employee of SSC Inc., to which no response is required. To the extent a response is required, SSC Inc. and AY deny the allegations and respectfully refers the Court to the communications for a true and complete statement of its contents.

67.     SSC Inc. and AY deny the allegations set forth in Paragraph 67 of the Complaint.

68.     SSC Inc. and AY deny the allegations set forth in Paragraph 68 of the Complaint.

69.     SSC Inc. and AY deny the allegations set forth in Paragraph 69 of the Complaint.

70.     SSC Inc. and AY deny the allegations set forth in Paragraph 70 of the Complaint.

71.     SSC Inc. and AY deny the allegations set forth in Paragraph 71 of the Complaint.

## DEFENSES

SSC Inc. asserts the following defenses without assuming the burden of proof or any other burden if such burdens would otherwise be on Plaintiff:

## FIRST AFFIRMATIVE DEFENSE

72.     As On or about August 9, 2023, certain SSC Inc. employees indicated to Plaintiff that the word "HEID" would be used for an upcoming marketing campaign.

73.     On or about August 10, 2023, Plaintiff gained knowledge of SSC Inc.'s intention to use the word "HEID" in an upcoming marketing campaign by stating on an internal communication "Hahaha t[h]is is awesome," in response to an SSC Inc. employee providing information as to the use of "HEID" in connection with the upcoming marketing campaign. Plaintiff's statement was received and reviewed by SSC Inc. employees on or about August 10, 2023.

74.     On or about September 1, 2023, Plaintiff gained knowledge for the second time that SSC Inc. intended to use the word "HEID" in connection with an upcoming marketing campaign by stating on an internal communication "This is awesome," in response to an SSC Inc. employee providing information as to the use of "HEID" in connection with the upcoming marketing campaign.  Plaintiff's statement was received and reviewed by SSC Inc. employees on or about September 1, 2023.

75.     On or about February 9, 2024, after SSC Inc. began its marketing campaign utilizing the phrase "H.E.I.D.," Plaintiff, for the third time, acknowledged the use of the word "HEID" in connection with SSC Inc.'s marketing campaign.

76.     On or about February 13, 2024, after SSC Inc. began its marketing campaign utilizing the phrase "H.E.I.D.," Plaintiff, for the fourth time, acknowledged the use of the phrase "H.E.I.D." in connection with SSC Inc.'s marketing campaign.

77.     With the knowledge that SSC Inc. was utilizing the phrase "H.E.I.D." in connection with its marketing campaign, Plaintiff executed a Separation Agreement (the "Separation Agreement") with SSC Inc. on April 8, 2024.

78.     The Separation Agreement included, *inter alia*, Section 11, titled "Release of All Claims" (the "Release").

79.     Pursuant to the Release, Plaintiff "release[d] … [SSC Inc.] and [its] affiliates, officers, [and] employees … of and from any and all claims … known … at any time prior to and including the date [Plaintiff] sign[s] this [Separation Agreement]."

80.     Plaintiff had knowledge of the use of the phrase "H.E.I.D." prior to executing the Separation Agreement.

81.     Accordingly, Plaintiff claims against SSC Inc. are barred pursuant to Section 11 of the Separation Agreement.

## SECOND AFFIRMATIVE DEFENSE

82.     Upon information and belief, Plaintiff has not suffered any emotional pain or suffering, mental anguish, humiliation, embarrassment, personal indignity, or other harm relating to the activity alleged in paragraphs 14 through 71 of Plaintiff's Complaint.

83.     Accordingly, Plaintiff's claims against SSC Inc. and AY are barred, in whole or in part, because Plaintiff has suffered no injury in fact as a result of any acts or failures to act by SSC Inc. or AY.

## THIRD AFFIRMATIVE DEFENSE

84.     Upon information and belief, Plaintiff seeks damages of which there is no causal nexus to the alleged liability.

85.     Accordingly, Plaintiff's claims against SSC Inc. and AY are barred, in whole or in part, to the extent Plaintiff seeks damages that are speculative and uncertain.

## FOURTH AFFIRMATIVE DEFENSE

86.     Plaintiff's behavior, described below in paragraphs 6 through 11 of SSC Inc.'s First Amended Counterclaims, impacted SSC Inc.'s willingness to do Plaintiff the favor of extending Plaintiff's Option exercise period, as discussed in paragraphs 54 through 71 of Plaintiff's Complaint.

87.     Accordingly, Plaintiff's claims against SSC Inc. and AY are barred, in whole or in part, because SSC Inc. and AY's actions were privileged, justified, and/or excused.

## FIFTH AFFIRMATIVE DEFENSE

88.     Plaintiff had a duty to take, but upon information and belief failed to take, reasonable action to mitigate any damages allegedly sustained as a result of the facts alleged in the Complaint, including, for example, Plaintiff's failure to object to the alleged use of his purported likeness while he was employed at SSC Inc. and his decisions surrounding how Plaintiff paid for his options before Plaintiff's Option exercise period closed.

89.     For at least these reasons, Plaintiff is barred from recovering any damages that might reasonably have been avoided.

## SIXTH AFFIRMATIVE DEFENSE

90.     Plaintiff's claims against SSC Inc. and AY are barred, in whole or in part, by laches, equitable estoppel, acquiescence, ratification, waiver, and/or other equitable doctrines.

## SEVENTH AFFIRMATIVE DEFENSE

91.     SSC Inc. and AY currently has insufficient knowledge or information upon which to form a belief as to any other potential defenses that may be available to it and expressly reserves

the right to amend or supplement this Answer and affirmative defenses, as well as to assert any and all additional or alternative defenses under any applicable state or federal law or regulations, in the event that discovery indicates that such defenses are available. SSC Inc. and AY also reserve the right to assert any cross-claims, counterclaims, and third-party claims in the event that discovery indicates such claims are available

### SSC INC.'S COUNTERCLAIMS

Defendant SecurityScorecard Inc. ("SSC Inc.") asserts its First Amended Counterclaims against Plaintiff Heid ("Plaintiff") and states as follows:

1.     SSC Inc. incorporates its Answer to the Complaint (paragraphs 1-71) and Affirmative Defenses (paragraphs 72-91) as set forth above.

### PARTIES

2.     SSC Inc. is a corporation duly organized and existing under the laws of the State of Delaware with a principal place of business located at 1140 Avenue of the Americas, 19th Floor, New York, New York 10036.

3.     On information and belief, Plaintiff Heid is an individual who during the relevant period was a resident of the State of Florida.

### JURISDICTION

4.     The counterclaim asserted herein is compulsory pursuant to Fed. R. Civ. P. 13(a), in that it arises out of the transactions or occurrences that are the subject matter of the Plaintiff's Complaint and do not require adding another party over whom the court cannot acquire jurisdiction.

5.      This Court also has jurisdiction over the instant counterclaim pursuant to 28 U.S.C. § 1332 based upon the parties' alleged diversity of citizenship and the fact that the amount in controversy, exclusive of interest and costs, exceeds $75,000.

## BACKGROUND

6.      Upon information and belief, Plaintiff controls social media presences on multiple platforms under the pseudonym "Jake Newman."

7.      Upon information and belief, numerous of Plaintiff's social media activities associated with the "Jake Newman" pseudonym were highly offensive and derogatory, which elicited racist and antisemitic commentary by followers of the "Jake Newman" account.

8.      Upon information and belief, Plaintiff's social media activities associated with the "Jake Newman" pseudonym improperly conveyed a relationship between "Jake Newman" and SSC Inc., resulting in complaints to SSC Inc. on or about February 26, 2024, due to the highly offensive and derogatory nature of the comments associated with the "Jake Newman" account.

9.      Upon information and belief, over the last few years, Plaintiff's behavior and actions towards SSC Inc. and others has become increasingly erratic and unstable. For example, SSC Inc. received communications from a third party indicating that Plaintiff sent "extremely inappropriate emails, attacking [the third party's] family and in particular [the third party's] 6 year old son." and that Plaintiff is "mentally unstable and medicates himself with heavy drugs."

10.     Upon information and belief, Plaintiff's behavior required this third party to change their telephone number and contemplate seeking police and legal protection to address Plaintiff's repeated harassing behavior.

11.     Furthermore, Plaintiff contacted SSC Inc.'s employees numerous times and left incoherent and aggressive voicemails, threatening to extort, unduly coerce, and disparage SSC

Inc. and its senior leadership, including several such voicemails to key members of SSC Inc.'s leadership team in the early morning hours of July 4, 2024, where Plaintiff appeared to sound heavily medicated or intoxicated.

12.    At the time of Plaintiff's request for the favor of extending the period for Plaintiff to exercise his option, Plaintiff's past behavior resulted in SSC Inc. to be willing to do him the favor.  However, his improper behavior subsequent to SSC Inc. notifying Plaintiff of its willingness to extend the deadline caused SSC Inc. to revisit the contours of SSC Inc.'s favor and limit the extension window.

### FIRST COUNTERCLAIM – BREACH OF SEPARATION AGREEMENT: SECTION 11 "Release of All Claims"

13.    On or about August 9, 2023, certain SSC Inc. employees indicated to Plaintiff that the word "HEID" would be used for an upcoming marketing campaign.

14.    On or about August 10, 2023, Plaintiff gained knowledge of SSC Inc.'s intention to use the word "HEID" in an upcoming marketing campaign by stating on an internal communication "Hahaha t[h]is is awesome," in response to an SSC Inc. employee providing information as to the use of "HEID" in connection with the upcoming marketing campaign. Plaintiff's statement was received and reviewed by SSC Inc. employees on or about August 10, 2023.

15.    On or about September 1, 2023, Plaintiff gained knowledge for the second time that SSC Inc. intended to use the word "HEID" in connection with an upcoming marketing campaign by stating on an internal communication "This is awesome," in response to an SSC Inc. employee providing information as to the use of "HEID" in connection with the upcoming marketing campaign.  Plaintiff's statement was received and reviewed by SSC Inc. employees on or about September 1, 2023.

16.     On or about February 9, 2024, after SSC Inc. began its marketing campaign utilizing the phrase "H.E.I.D.," Plaintiff, for the third time, acknowledged the use of the word "HEID" in connection with SSC Inc.'s marketing campaign.

17.     On or about February 13, 2024, after SSC Inc. began its marketing campaign utilizing the phrase "H.E.I.D.," Plaintiff, for the fourth time, acknowledged the use of the phrase "H.E.I.D." in connection with SSC Inc.'s marketing campaign.

18.     With the knowledge that SSC Inc. was utilizing the phrase "H.E.I.D." in connection with its marketing campaign, Plaintiff executed a Separation Agreement (the "Separation Agreement") with SSC Inc. on April 8, 2024.

19.     The Separation Agreement included, *inter alia*, Section 11, titled "Release of All Claims" (the "Release").

20.     Pursuant to the Release, Plaintiff "release[d] … [SSC Inc.] and [its] affiliates, officers, [and] employees … of and from any and all claims … known … at any time prior to and including the date [Plaintiff] sign[s] this [Separation Agreement]."

21.     Plaintiff had knowledge of the use of the phrase "H.E.I.D." prior to executing the Separation Agreement.

22.     By bringing this lawsuit against SSC Inc., Plaintiff willfully breached Section 11 of the Separation Agreement.

23.     SSC Inc. has been damaged by that breach and will continue to suffer such damage unless this Court enters appropriate relief.

### SECOND COUNTERCLAIM – BREACH OF SEPARATION AGREEMENT: SECTION 10 "Non-Disparagement"

24.     SSC Inc. realleges and incorporates paragraphs 1 through 23 of its First Amended Counterclaims.

25.     Section 10 of the Separation Agreement states as follows:

After your employment Separation Date, … you agree not to make any negative or disparaging remarks about the Company, its officers, employees, directors, products, services or business practices. You understand and acknowledge that this provision bars you from posting or inputting any such remarks to refer to the news media (print, television, and Internet) or any other internet website, including message boards and blogs (including, but not limited to, Glassdoor, LinkedIn, Facebook, Twitter).

26.     Plaintiff's actions, as described above in paragraphs 6 through 11, constituted negative and/or disparaging remarks about SSC Inc., its officers, employees, directors, products, services, and/or business practices" in willful breach of Section 10 of the Separation Agreement.

27.     Upon information and belief, Plaintiff has made negative or disparaging remarks regarding SSC Inc., its officers, employees, directors, products, services or business practices with other third parties in violation of Section 10 of the Separation Agreement.

28.     SSC Inc. has been damaged by that breach and will continue to suffer such damage unless this Court enters appropriate relief.

### THIRD COUNTERCLAIM – BREACH OF SEPARATION AGREEMENT: SECTION 12 "No Actions or Claims"

29.     SSC Inc. realleges and incorporates paragraphs 1 through 28 of its First Amended Counterclaims.

30.     Section 12 of the Separation Agreement states as follows:

You represent that you have not filed any charges, complaints, grievances, arbitrations, lawsuits, or claims against the Company, with any local, state or federal agency, union or court from the beginning of time to the date of execution of this Agreement and that you will not do so at any time hereafter, based upon events occurring prior to the date of execution of this Agreement. In the event any agency, union, or court ever assumes jurisdiction of any lawsuit, claim, charge, grievance, arbitration, complaint, or purports to bring any legal proceeding on your behalf, you will ask any such agency, union, or court to withdraw from and/or dismiss any such action, grievance, or arbitration, with prejudice.

31.     Allegations set forth in Plaintiff's Complaint, including Counts I-III, concern activities that occurred at least as early as August 2023, which pre-date the Separation Agreement.

32.     By bringing this lawsuit against SSC Inc., Plaintiff willfully breached Section 12 of the Separation Agreement.

33.     SSC Inc. has been damaged by that breach and will continue to suffer such damage unless this Court enters appropriate relief.

**FOURTH COUNTERCLAIM – BREAH OF ASSIGNMENT AGREEMENT**

34.     SSC Inc. realleges and incorporates paragraphs 1 through 33 of its First Amended Counterclaims.

35.     In or about July 18, 2014, Plaintiff entered into a Proprietary Information and Inventions and Non-Competition Agreement (the "Assignment Agreement") with SSC Inc.

36.     Section 6(b) of the Assignment Agreement states: "[Plaintiff] hereby assign[s] to [SSC Inc.] any rights I may have or acquire in Inventions," where "Inventions" is defined in Section 1.3 of Exhibit A to the Assignment Agreement as:

> **[A]ll data, discoveries, designs, developments, formulae, ideas, improvements, inventions, know-how, processes, programs, and techniques, whether or not patentable or registrable under copyright, trademark or similar statutes, and all designs, trademarks and copyrightable works that I made or conceived or reduced to practice or learned, either alone or jointly with others, during the period of my employment** which (a) are related or useful in the business of the Company or to the Company's actual or demonstrably anticipated research, design, development, experimental production, financing, manufacturing, licensing, distribution or marketing activity carried on by the Company, or (b) result from tasks assigned me by the Company, or (c) result from use of premises or equipment owned, leased or contracted for by the Company

37.     During Plaintiff's employment with SSC Inc., Plaintiff learned along and jointly with others the intellectual property associated with SSC Inc.'s "H.E.I.D." marketing campaign

by acknowledging the existence of the "H.E.I.D." marketing campaign, providing feedback as to the "H.E.I.D." marketing campaign, and approving the "H.E.I.D." marketing campaign.

38.     As a result of Plaintiff's activity associated with the "H.E.I.D." marketing campaign, Plaintiff assigned all interests in all intellectual property related to the "H.E.I.D." marketing campaign to SSC Inc. per the Assignment Agreement.

39.     By bringing this lawsuit against SSC Inc. and AY related to the "H.E.I.D." marketing campaign, Plaintiff breached the Assignment Agreement.

40.     By bringing this lawsuit against SSC Inc. and AY, SSC Inc. has been damaged and will continue to suffer such damage unless the Court enters appropriate relief.

## DEMAND FOR JURY TRIAL

41.     SSC Inc. respectfully request a jury trial, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, as to all issues that may be tried to a jury.

## PRAY FOR RELIEF

WHEREFORE, Defendant/Counterclaimant SSC Inc. respectfully request an Order:

(1) denying all relief requested by Plaintiff;

(2) declaring Plaintiff breached the Separation Agreement;

(3) awarding damages to SSC Inc. for Plaintiff's breach of the Separation Agreement;

(4) declaring Plaintiff breached the Assignment Agreement;

(5) awarding damages to SSC Inc. for Plaintiff's breach of the Assignment Agreement; and

(6) awarding SSC Inc. its costs and attorneys' fees.

Dated: May 16, 2025                          Respectfully submitted,

                                             _/s/ Paul B. Keller_____

                                             Paul B. Keller
                                             James N. Reed
                                             CROWELL & MORING LLP
                                             Two Manhattan West
                                             375 Ninth Avenue
                                             New York, NY 10001
                                             Telephone: (212) 223-4000
                                             PKeller@crowell.com
                                             JReed@crowell.com

                                             *Counsel for SecurityScorecard Inc.*
                                             *and Aleksandr Yampolskiy*